## PARAFFINE PAINT CO. v. TARBOX.

(Supreme Court, Appellate Term.   January 8, 1909.)

APPEAL AND ERROR (§ 909*)—REVIEW—PRESUMPTIONS—FACTS NOT IN RECORD.
     The judgment allowing a foreign corporation to recover for goods sold
and delivered cannot be disturbed, though it had not secured a certificate
allowing it to do business in the state, as required by General Corporation
Law (Laws 1892, p. 1805, c. 687) § 15, as amended by Laws 1901, p. 267,
c. 96, § 1; the record not showing the contract was made in the state, and
the statute in terms inhibiting actions only on such contracts for failure
to obtain the certificate.
     [Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 909.*]

     Appeal from Municipal Court, Borough of Manhattan, Third District.

     Action by the Paraffine Paint Company against Charles W. Tarbox.
From a judgment for plaintiff, defendant appeals.   Affirmed.

     Argued before GILDERSLEEVE, P. J., and BISCHOFF and GUY, JJ.

     John Santora, for appellant.
     Louis H. Porter, for respondent.

     BISCHOFF, J.   The plaintiff, a stock corporation organized under
the laws of California, brought this action to recover the agreed price
of certain paints sold and delivered by it to the defendant.   Upon the
trial the defendant admitted the sale and delivery of the goods, but
contended that the action was not maintainable, because the plaintiff
had not at the time of the transaction, secured from the Secretary of
State a certificate allowing it to do business in this state, as required
by General Corporation Law (Laws 1892, p. 1805, c. 687) § 15, as
amended by Laws 1901, p. 267, c. 96, § 1, without which a foreign
stock corporation doing business in this state is inhibited from main-
taining any action in this state upon any contract made therein.   By
the very terms of the statute the inhibition applies only to contracts
made within the state, and, since the record is destitute of anything
tending to show that the contract sued upon was made within the state,
we cannot do otherwise than affirm the judgment appealed from.
     Judgment affirmed, with costs.   All concur.